IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No: 2:08-00013 |
| v. ) | |
| ) | |
| JOSEPH WOLCOTT ) | |

## MEMORANDUM AND ORDER

A hearing was held on July 7, 2009, before the undersigned Magistrate Judge on the Government's motion to revoke Joseph Wolcott's bond (Docket Entry No. 319), to which the defendant filed a response in opposition (Docket Entry No. 358). As grounds for its motion, the Government asserts that Mr. Wolcott violated condition No. 7(j) of the conditions of his pretrial release which states as follows:

> The defendant shall avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to codefendants in this case.

In particular, the Government alleges that Mr. Wolcott violated this condition on June 19, 2009, when he had contact with codefendant Bruce Ferguson while sitting on a bench outside the courtroom minutes before defendant Ferguson's scheduled sentencing hearing. Significantly, at the June 19, 2009, sentencing hearing before Chief Judge Campbell, defendant Ferguson recanted from portions of his plea agreement implicating defendant Wolcott.

Among the exhibits admitted at the hearing, the Government introduced a videotape approximately two minutes in

duration captured by a security camera located outside Judge Campbell's courtroom shortly before 2:00 p.m. on June 19, 2009. This videotape segment initially shows defendant Ferguson seated at one end of a bench and his father, Harold Ferguson, seated immediately next to him. At approximately 1:58 p.m. according to the videotape timer, defendant Joseph Wolcott is shown walking by the Fergusons and taking a seat at the far end of the bench. Thereafter, based upon the postures and motions of the Fergusons and Wolcott, it appears that at least some conversation occurred among the three individuals seated on the bench. However, the absence of sound makes it impossible, at least for the undersigned Magistrate Judge, to tell who initiated the conversation and who said what to whom. At approximately 1:59 p.m., the videotape shows Assistant U.S. Attorney Heather Childs, the prosecutor in this case, walk down the hall in plain view of the bench where the three individuals are seated and then enter the courtroom through the courtroom doors. At approximately 2:00 p.m., which is approximately two minutes after the video began, Mr. Patrick McAnally, Mr. Wolcott's counsel, is shown approaching and greeting Mr. Wolcott at the bench. Immediately thereafter, Mr. Wolcott and Mr. McNally proceed into the courtroom and the videotape segment ends.

In opposition to the Government's motion, defendant Wolcott has filed the affidavit of his counsel, Mr. Patrick McNally

2

(Docket Entry No. 358-1). In this affidavit, Mr. McNally states that he instructed his client, Mr. Wolcott, to attend Mr. Ferguson's sentencing hearing on June 19, 2009, and that he arranged to meet Mr. Wolcott outside Judge Campbell's courtroom shortly before the hearing was scheduled to begin at 2:00 p.m.

The defendant also introduced into evidence the transcript of a proceeding held before Chief Judge Campbell on June 26, 2009, during which Harold Ferguson, the father of defendant Bruce Ferguson, was questioned concerning the conversations that occurred on the bench outside Judge Campbell's courtroom on June 19. According to Harold Ferguson's testimony, after Mr. Wolcott sat down on the bench he stated that the weather was hot and he made certain brief statements to Mr. Harold Ferguson about his farming operation and about Mr. Harold Ferguson's "mud truck." Mr. Harold Ferguson responded that he had been spreading fertilizer on his farm and that the truck was doing well. According to Mr. Harold Ferguson's testimony, Mr. Wolcott said nothing directed specifically to Bruce Ferguson, and he said nothing to either of the Fergusons related in any way to the current prosecution. Harold Ferguson further testified that his son, Bruce Ferguson, "just barely spoke" and that "he said he was just going to tell the truth." (Transcript pp. 21 and 22).

The defendant called Tim Searcy, Senior U.S. Probation Officer, as a witness at the hearing. Mr. Searcy testified that he

3

has had the responsibility for supervising Mr. Wolcott while on pretrial release.  In substance, Mr. Searcy testified that Mr. Wolcott has been cooperative with the Pretrial Services office while on release and has done everything that Mr. Searcy has requested of him.

Title 18, Section 3148 of the United States Code governs sanctions for a violation of a condition of pretrial release. Applying the provisions of Section 3148(b) to this case, the undersigned Magistrate Judge finds that there is clear and convincing evidence that Mr. Wolcott has violated the condition of release stating that he would have no contact with any of the defendants in this case.  18 U.S.C. § 3148(b)(1)(B).  From the video evidence, it is clear that Mr. Wolcott violated this condition by voluntarily placing himself within sufficient physical proximity to codefendant Bruce Wolcott that communication between the two could occur.

Despite this finding of a violation, however, the undersigned Magistrate Judge is unable to find from the evidence that Mr. Wolcott deliberately made this contact with defendant Bruce Ferguson for the purpose of influencing Ferguson's testimony at the sentencing hearing.  Such a conclusion is made unlikely by the facts that Mr. Wolcott did not initiate his attendance at Mr. Ferguson's sentencing hearing, but, instead he was there upon the direction of his counsel.  In addition, the brief time period (approximately two minutes) of this contact and the location - on

4

a bench outside the courtroom in plain view of anyone who walked by including, in this case, the prosecuting Assistant U.S. Attorney - renders it extremely unlikely that Mr. Wolcott would choose this occasion to attempt to influence Mr. Ferguson's testimony. The only testimony regarding what was said on that bench fails to establish that Mr. Wolcott said anything specifically to Bruce Ferguson or that he said anything to anyone regarding the case under prosecution.

Although Mr. Wolcott is, at best, guilty of extremely poor judgment in sitting on that bench near codefendant Ferguson, the undersigned Magistrate Judge is unable from the evidence presented to find the second essential element required for revocation and detention as listed in Section 3148(b)(2).

Finally, the testimony of Senior Probation Officer Searcy establishes that while on release Mr. Wolcott has been cooperative and has performed everything that Mr. Searcy has requested of him. In the view of the undersigned Magistrate Judge, this testimony overcomes the rebuttable presumption favoring detention in 18 U.S.C. § 3142(e)(3)(A).

For the reasons stated above, the undersigned Magistrate Judge **DENIES** the Government's motion to revoke Mr. Wolcott's bond (Docket Entry No. 319) and **ORDERS** that he be released subject to all conditions previously imposed.

5

It is so **ORDERED**.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge